**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VIVIAN CRUZ, as Special Administrator of the<br>Estate of FRANCISCO CRUZ,<br><br>Plaintiffs,<br><br>vs.<br><br>TRICAM INDUSTRIES, INC., et al.,<br><br>Defendants. | Case No. 2:05-cv-01143-PMP-PAL<br><br>**REPORT OF**<br><br>**FINDINGS AND RECOMMENDATION** |

On February 9, 2007, the court entered a written Order to Show Cause (#30), requiring plaintiff to show cause, in writing, no later than March 8, 2007 why a recommendation to the district judge should not be made pursuant to LR 41-1 that this case be dismissed without prejudice for plaintiff's failure to prosecute and to comply with this court's prior Order (#28).  The order to show cause also required plaintiff to either retain substitute counsel or file a notice with the court, indicating that she would be appearing in this matter *pro se* no later than March 8, 2007.  The plaintiff has not shown cause, requested an extension of time in which to comply with the court's order to show cause, retained substitute counsel, or filed a notice indicating that she would be appearing in this matter *pro se.*

Having reviewed and considered the matter, the court makes the following findings and recommendation to dismiss this action for plaintiff's failure to prosecute, and plaintiff's failure to comply with the court's orders.

## FINDINGS

1.     The complaint in this case was filed in state court and removed September 16, 2005 (#1).

2.     The defendants filed an Answer September 26, 2005 (#4).

3.     The parties failed to file a proposed stipulated discovery plan and scheduling order as required by LR 26-1.  As a result, the undersigned entered a Discovery Plan and Scheduling Order (#9) which required the parties to meet and confer as required by Fed. R. Civ. P. 26(f) not later than December 7, 2005.  The court *sua sponte* entered a discovery plan and scheduling order which established a March 27, 2006 discovery cutoff and related case management deadlines.

4.     The court conducted a hearing on January 9, 2007 at 8:45 a.m. on the parties' Stipulation and Proposed Order to Extend the Discovery Plan and Scheduling Order (Third Request) (#22), and Motion to Withdraw as Counsel of Record (#25) filed by counsel for plaintiff.  Alexander Mazzia appeared on behalf of the plaintiff, and Sheri Schwartz appeared on behalf of the defendant.

5.     The Motion to Withdraw (#25) which was supported by the affidavit of counsel, represented that irreparable differences had arisen between counsel and the plaintiff and that plaintiff had not responded to numerous attempts to communicate with her, both telephonically and in writing.  During the January 9, 2007 hearing, counsel for the plaintiff represented to the court that the court's prior Order (#23) was served on the plaintiff with his motion to withdraw.

6.     At the January 9, 2007 hearing, the court considered the parties' proposed stipulation and order to extend discovery plan and scheduling order deadlines for an additional 120 days based on plaintiff's failure to cooperate with counsel.

7.     This is a products liability case in which Francisco Cruz, deceased, fell off a ladder.  Counsel for the parties have represented to the court that the primary issue in this case is whether the fall was caused by a defect in the ladder, or whether Mr. Cruz landed on the ladder and caused it to break.  Plaintiff's expert examined the ladder and conducted destructive testing and found no defects.  As a result, plaintiff lacks an expert supporting her manufacturing defect claim.

/ / /

/ / /

2

8.   Counsel for plaintiff contacted Mrs. Cruz, requesting that she dismiss this action as a result of the expert destructive testing and findings that the ladder did not have any defects.  However, Mrs. Cruz has not responded to counsel's communication.

9.   On January 9, 2007, the undersigned entered a written Order (#28), following the hearing which: (a) granted the Motion to Withdraw as Counsel of Record (#25); (b) gave plaintiff until February 6, 2007 in which to retain substitute counsel to make an appearance in this action, or file a statement with the court, indicating that she would appearing in this matter *pro se*; (c) directed the Clerk of the Court to serve the plaintiff with a copy of the order, certified mail, return receipt requested, at her last known address; and (d) set a status conference for February 6, 2007 at 9:00 a.m.

10.   The court's Order (#28) advised the plaintiff: (a) that failure to timely comply with the order may result in the imposition of sanctions, up to and including a recommendation to the district judge that this case be dismissed for her failure to prosecute; and (b) at the status conference, the court would address any requests for extension of the discovery plan and scheduling order deadlines.

11.   The court's written Order (#28) also stayed this case, pending the hearing on February 6, 2007 to allow plaintiff to retain substitute counsel, and/or elect to proceed *pro se*.

12.   The court conducted a status conference on February 6, 2007.  Neither the plaintiff nor a representative of the plaintiff appeared.  The defendants were represented by Sheri Schwartz.

13.   At the February 6, 2007 hearing, counsel for defendants made an oral motion to dismiss this case without prejudice.  The court denied this request because although the court's docket entries reflected plaintiff had been served at the address provided in the court's prior order, they did not reflect whether plaintiff was served certified mail, return receipt requested.

14.   On February 6, 2007, the court entered an Order to Show Cause (#30) advising plaintiff that she would be given a final opportunity to comply with the court's order that she

/ / /

3

retain substitute counsel, or file a statement with the court, indicating that she would be appearing in this matter *pro se*.

15. The court's Order to Show Cause (#30) required plaintiff: (a) to show cause in writing, no later than March 8, 2007 why a recommendation to the district judge should not be made pursuant to LR 41-1 that this case be dismissed without prejudice for plaintiff's failure to prosecute and to comply with this court's prior Order (#28) directing that she retain substitute counsel or file a statement with the court that she would be appearing in this matter *pro se*; (b) gave plaintiff until March 8, 2007 to retain substitute counsel or file a notice that she would be appearing in this matter *pro se*; and (c) advised the plaintiff that failure to timely comply with this order to show cause might result in the imposition of sanctions up to and including a recommendation to the district judge that this case be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) and LR 41-1 for failure to litigate this action and failure to comply with the court's orders.

16. The court's Order to Show Cause (#30) was sent to plaintiff via certified mail, return receipt requested.  The United States Postal Service returned the envelope and order to the Clerk of the Court marked "Return to Sender - Unclaimed - Unable to Forward."

17. Counsel for plaintiff made multiple attempts to communicate with the plaintiff, both telephonically and in writing, to no avail prior to filing the motion to withdraw on December 13, 2006.

18. The plaintiff did not respond to the Motion to Withdraw as Counsel of Record (#25), although she was served with a copy of the motion.

19. The plaintiff's failure to communicate with counsel, and comply with the court's Orders (##28, 30) has thwarted the defendants' discovery efforts, interfered with the court's docket, and has unreasonably delayed adjudication of this case on the merits.

///
///
///
///

4

For all of the foregoing reasons,

**IT IS THE RECOMMENDATION** of the undersigned United States Magistrate Judge that plaintiff's complaint be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 4(b), LR 41-1, and for plaintiff's failure to comply with the court's orders.

Dated this 16th day of March, 2007.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE